COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

DIANE E. SHULTZ

v.          Record No. 1809-94-4          MEMORANDUM OPINION[*]
                                            PER CURIAM
BECON SERVICES CORPORATION                  MAY 2, 1995
AND
INDUSTRIAL INDEMNITY COMPANY

        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Kathleen G. Walsh; Ashcraft & Gerel, on brief),
            for appellant.

            No brief for appellees.


    Diane E. Shultz (claimant) contends that the Workers'
Compensation Commission (commission) erred in finding that she
failed to establish entitlement to an award for a five percent
permanent partial disability rating to her right leg.  Upon
reviewing the record and opening brief, we conclude that this
appeal is without merit.  Accordingly, we summarily affirm the
commission's decision.  Rule 5A:27.

    On appellate review, we construe the evidence in the light
most favorable to the party prevailing below.  R.G. Moore Bldg.
Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788
(1990).  Unless we can say as a matter of law that claimant's
evidence sustained her burden of proving permanent partial
disability, the commission's findings are binding and conclusive

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

When the deputy commissioner rendered her opinion, there was no medical evidence in the record from Drs. Kenneth G. Ward or Louis E. Levitt providing a permanent partial disability rating for claimant's right leg. Accordingly, we cannot say as a matter of law that the commission erred in denying claimant's application on the basis that the medical evidence available to the deputy commissioner failed to establish any permanent injury to claimant's right leg causally related to her August 24, 1990 work accident.

Claimant contends that the full commission erred in refusing to consider Dr. Levitt's January 25, 1994 and February 14, 1994 reports as after-discovered evidence. This argument is without merit. As the commission noted, claimant's evidence failed to show why Dr. Levitt's opinions could not have been obtained and filed before the record closed. "Failing to obtain medical records which were available and known does not constitute due diligence." Mize v. Rocky Mount Ready Mix, Inc., 11 Va. App. 601, 614, 401 S.E.2d 200, 207 (1991).

Moreover, even though the commission found that Dr. Levitt's reports did not constitute admissible after-discovered evidence, it proceeded to address the content of those reports. Based upon its review of Dr. Levitt's January 25, 1994 and February 14, 1994 reports, the commission determined that the reports failed to

2

establish entitlement to an award of permanent partial disability benefits because Dr. Levitt referred to symptomatic complaints and not to functional impairment.  In addition, the commission discounted Dr. Levitt's February 24, 1994 report because it raised only the possibility of a causal relationship between the leg condition and the work injury, contingent upon a later finding that a "femoral neck fracture was a real entity."

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 214-15 (1991).  Contrary to claimant's assertion, Dr. Levitt did not state in his reports that claimant sustained a five percent permanent partial disability to her right leg causally related to her August 24, 1990 work accident.  In his January 25, 1994 report, Dr. Levitt stated that, "[i]n the absence of any measured pathology, I do not find any permanent impairment that is exclusively the result of her 1990 work trauma that would provide the basis for a permanent injury rating . . . ."  In his February 14, 1994 report Dr. Levitt stated:

> I still do not feel that this patient qualifies for a rating of impairment, exclusively as a result of the 8/24/90 work trauma.  The only thing that would possibly change my mind would be if Dr. Krasicky had a chance to review some of the patient's other studies and he felt that the femoral neck fracture was a real entity.  Then, with some future risk for some degenerative changes to her joint, the patient would be entitled to a 5 percent permanent impairment to her right

3

lower extremity.

There is no indication that Dr. Krasicky ever reviewed claimant's other studies nor did Dr. Levitt render any additional opinions.

Thus, even based upon the full commission's consideration of all of the medical evidence, including Dr. Levitt's January 25, 1994 and February 14, 1994 reports, we cannot say as a matter of law that the commission erred in finding that claimant failed to show any permanent disability to the right leg within three years from the time compensation was last paid, or any functional impairment of the right leg, or that the right leg condition is causally related to the August 24, 1990 occupational accident.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>

4